AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**United States of America**

**v.**

**MASSIE WASHINGTON,**

Case No. 26-MJ-555

*Defendant*

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about June 9, 2026, in the County of Monroe, in the Western District of New York, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); | Possession of Cocaine, a Schedule II Controlled Substance, with Intent to Distribute; |
| 18 U.S.C. § 922(g)(1); | Felon in Possession of Ammunition. |

This Criminal Complaint is based on these facts:

See attached affidavit.

☒   Continued on the attached sheet.

_____
S/A
SEAN J. MARTINECK, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Affidavit and Criminal Complaint submitted
electronically by in .pdf format. Oath
administered, and contents and signature, attested
to me as true and accurate telephonically pursuant to
Fed.R.Crim.P. 4.1 and 4(d) on:
Date: June 9, 2026

_____
HON. MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

City and State:   Rochester, New York

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

   *- v -*

MASSIE WASHINGTON,

             Defendant

26-MJ-555

STATE OF NEW YORK  )
COUNTY OF MONROE  )  SS:
CITY OF ROCHESTER  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### INTRODUCTION

**I, SEAN J. MARTINECK**, being duly sworn, deposes and states:

1.     I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter ATF), and am assigned to the Rochester, New York Field Office.  Your affiant is a graduate of the ATF National Academy and the Criminal Investigator School located at the Federal Law Enforcement Training Center in Glynco, Georgia.  Your affiant has been employed as an ATF Special Agent since 2001.  Your affiant has been involved in over five hundred (500) firearms and narcotics trafficking investigations and has participated in over five hundred (500) federal and state search warrants involving firearms and narcotics.  Since becoming an ATF Agent, your affiant has seized, or has been involved in investigations which have seized, well over five hundred (500) firearms.  I am currently assigned to the Rochester Police Department's Violent Crime Task Force.  Prior to becoming an ATF Agent, I was employed as a United

States Probation Officer. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516, and Title 21 of the United States Code.

2.      This Affidavit is submitted in support of a Criminal Complaint charging Massie WASHINGTON with violations of Title 18, United States Code, Section 922(g)(1) (felon in possession of ammunition) and Title 21, United States Code, Section 841(a)(1) (possession of cocaine with intent to distribute).

3.      The facts set forth in this Affidavit are based upon my personal participation during this investigation. The conclusions drawn in this Affidavit are based on my training and experience, as well as on the advice of other experienced federal investigators. Because this Affidavit is being submitted for a limited purpose, I have not included each fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that WASHINGTON committed the specified offenses.

## FACTS ESTABLISHING PROBABLE CAUSE

4.      On or about June 4, 2026, the Honorable Michael Dollinger, Monroe County Court Judge, Western District of New York, issued a search warrant for 37 Wabash Avenue, Irondequoit, New York (hereafter the "**Subject Premises**").

2

5.    On or about June 9, 2026, at approximately 6:00 a.m., members of the ATF/RPD Violent Crime Task Force executed the warrant at the **Subject Premises**. During entry, VCTF members encountered WASHINTON coming down a flight of stairs from the second story. WASHINGTON's twin toddler daughters were the only other individuals located within the premises.

6.    During a search of the master bedroom, search team members discovered a Nike "Jordan" shoe box on a shelf in a closet. Inside the box was the following:

- Approximately thirty-three (33) grams of suspected crack cocaine[1] inside a clear sandwich bag;

- Drug paraphernalia consisting of new and unused baggies of varying sizes, scales, a grinder, plate, razor blade, all of which are commonly used in the distribution of illegal narcotics;

- One (1) Winchester 9mm ammunition box containing 48 rounds of 9mm ammunition manufactured by Winchester; and

- Two (2) Ziploc bags containing approximately 174.5 grams of suspected marijuana.

7.    Located on the same shelf next to the Nike shoe box were two additional Winchester 9mm ammunition boxes containing 98 rounds of 9mm ammunition manufactured by Winchester; and a bottle of Superior Inositol, which is commonly used as a cutting agent in the distribution of cocaine.

8.    Also located in the master bedroom was miscellaneous paperwork and a NYS identification card for WASHINGTON's utilizing the address of the **Subject Premises**.

9.    After the warrant was executed, WASHINGTON was brought to the Irondequoit Police Department interview rooms. At approximately 8:25 a.m.,

---

[1] The substance was field tested and returned a positive result for the presence of cocaine.

WASHINGTON was advised of his *Miranda* rights, which WASHINGTON waived, and agreed to speak with investigators.  During the interview, WASHINGTON admitted that the cocaine in the shoe box was his and that he possessed it for personal use *and* for distribution. More specifically, WASHINGTON admitted to selling cocaine to his friends. When questioned about the ammunition, WASHINGTON kept stating "I don't own a gun."  When pressed on the ammunition further and the fact his wife (T.B. for purposes of this affidavit) had denied ownership of the shoe box or ammunition to officers outside the **Subject Premises**, WASHINGTON then stated, "it's all on me." The defendant said that he lived at the **Subject Premises** with his wife and children. WASHINGTON also advised the police he spent seven years in New York State prison for a Burglary conviction, and that this was a felony conviction.

## INTERSTATE NEXUS

10.    In connection with this investigation, Special Agent (SA) Andrew Farnham from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) was contacted regarding the seized ammunition inside of the **Subject Premises**. SA Farnham is an ATF Firearms Interstate Nexus Expert.  SA Farnham determined that none of the ammunition was manufactured in the State of New York and therefore, they affected interstate commerce.

## CRIMINAL HISTORY OF WASHINGTON

11.    On March 5, 2013, WASHINGTON was convicted of Burglary in the First Degree, a Class B felony, in Monroe County Court, Rochester, New York, and was sentenced to seven years in the Department of Corrections. Based on the length of the defendant's imprisonment, I believe he was aware of the fact that he had a prior conviction

4

punishable by more than one year imprisonment, at the time he possessed the ammunition described in this affidavit.

## CONCLUSION

12. **WHEREFORE,** based on the above information, I submit there is probable cause to believe that on or about June 9, 2026 in the Town of Irondequoit, County of Monroe, Western District of New York, the defendant, Massie WASHINGTON, was in violation of Title 18, United States Code, Section 922(g)(1) (Felon in Possession of Ammunition); and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Possession of Cocaine, a Schedule II Controlled Substance, with Intent to Distribute) .

S/A

SEAN J. MARTINECK
Senior Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives.

Affidavit and Criminal Complaint Submitted electronically
by in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate
telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d)
on June 9, 2026.

HON. MARK W. PEDERSEN
United States Magistrate Judge
Western District of New York

5